# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: C.S.

No. 16-1113 (Roane County 16-JA-18)

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother S.K., by counsel Ryan M. Ruth, appeals the Circuit Court of Roane County's August 18, 2016, order adjudicating her as an abusing parent and the November 14, 2016, order denying her motion for an improvement period.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's orders. The guardian ad litem, Leslie L. Maze, filed a response on behalf of the child in support of the circuit court's orders. On appeal, petitioner argues that the circuit court erred in adjudicating her an abusing parent and denying her motion for an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2015, prior to the birth of C.S., the DHHR filed an abuse and neglect petition against petitioner alleging that her drug abuse affected her ability to appropriately care for her two other children. While petitioner was granted an improvement period, she missed multiple drug screens and tested positive for methamphetamine, amphetamine, and opiates. Ultimately, the circuit court terminated her parental rights to these children due to her "significant drug addiction."

On May 13, 2016, petitioner gave birth to C.S. The DHHR filed a petition for abuse and neglect based upon the prior involuntary termination of her parental rights. The DHHR also alleged that petitioner continued to abuse illegal drugs which impaired her ability to properly care for C.S. Specifically, petitioner tested positive for amphetamine after she gave birth to C.S. and C.S. experienced symptoms of drug withdrawal.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

During a preliminary hearing, multiple witnesses testified. C.S.'s pediatrician testified that C.S. experienced signs of withdrawal after her birth and that petitioner tested positive for amphetamine prior to giving birth to C.S. According to the DHHR worker, petitioner had failed to participate in a drug treatment program since the prior termination and that she planned to take C.S. to the Commonwealth of Kentucky. Petitioner admitted that her parental rights were previously terminated due to her substance abuse, but denied using drugs in the underlying proceedings.

Thereafter, the circuit court held two adjudicatory hearings. Petitioner's case manager testified that she missed three outpatient services, two drug screens, and five service classes in June of 2016. According to the manager, petitioner also had no contact with service providers since June 14, 2016. Additionally, the circuit court heard testimony that petitioner tested positive for methamphetamines and amphetamines after giving birth to C.S. and that C.S.'s umbilical cord tested positive for methamphetamines and amphetamines. Based upon this evidence, the circuit court found that C.S. was born with drugs in her system and petitioner's substance abuse affected her ability to parent C.S. As such, by order entered on August 18, 2016, the circuit court adjudicated petitioner as an abusing parent.

In September of 2016, the circuit court held a dispositional hearing during which it heard testimony from petitioner and a DHHR worker. According to the DHHR worker, petitioner failed to comply with services, had only visited with the child one time since her birth, had stopped submitting to drug screens, and had failed to participate in services in her prior involuntary termination. Despite this evidence, petitioner continued to deny that C.S. was born with drugs in her system and blamed her service providers for her failure to comply with services. By order entered on November 14, 2016, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the issues of abuse and neglect in the near future and terminated her parental rights.[2] This appeal followed.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if

[2]On appeal, petitioner does not raise an assignment of error regarding the circuit court's termination of parental rights.

[3]The parental rights to all parents to the child were terminated. According to the DHHR and the guardian, as of the filing of their response briefs, the child was placed in foster care with the permanency plan of adoption into his current foster home.

the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, the Court finds no error in the circuit court's finding that petitioner abused the child through her substance abuse. On appeal, petitioner argues that the DHHR failed to meet its burden of proof at adjudication. We have previously held as follows:

> "W.Va.Code [§] 49-6-2(c) [now West Virginia Code § 49-4-601], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (internal citations omitted). Here, the DHHR clearly established, that petitioner continued to abuse illegal drugs and that C.S. was born with drugs in her system. During the proceedings below, the circuit court heard testimony that petitioner's parental rights were previously terminated due to her "significant drug addiction." The DHHR presented medical evidence that C.S experienced symptoms of withdrawal after she was born and that petitioner tested positive for amphetamine after she gave birth to C.S. The DHHR also presented unrebutted medical evidence that C.S.'s umbilical cord tested positive for methamphetamine and amphetamine. For these reasons, we find no error in the circuit court adjudication of petitioner as an abusing parent.

Lastly, petitioner argues that the circuit court erred in denying her motion for an improvement period because she participated in "some" services and remedied her substance abuse issues since the prior involuntary termination of her parental rights. We disagree. Pursuant to West Virginia Code § 49-4-610(3), circuit courts have discretion to grant an improvement period when the parent "moves in writing for the improvement period [and] demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." Here, it is clear that the circuit court did not abuse its discretion in denying petitioner an improvement period. The circuit court heard testimony that petitioner failed to participate in her improvement period during the prior involuntary termination of her parental rights. The DHHR worker also testified that petitioner missed two drug screens, five service classes, and three outpatient treatment classes in the underlying proceedings

Further, the evidence clearly established that petitioner failed to acknowledge any responsibility for the child's abuse or neglect in this matter. We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the

3

perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Despite the undisputed medical evidence that C.S. tested positive for methamphetamine and amphetamine, petitioner continued to deny that C.S. was born with drugs in her system, and that petitioner used drugs while she was pregnant. Based on this evidence, it is clear that petitioner could not establish she was likely to fully participate in an improvement period. For these reasons, we find no error.

For the foregoing reasons, we find no error in the decisions of the circuit court, and its August 18, 2016, and November 14, 2016, orders are hereby affirmed.

Affirmed.

**ISSUED**: May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker